## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

| | | |
|---|---|---|
| IN RE: PEOPLE'S POWER & | : | CASE NO.  14-50574 (AHWS) |
| GAS, LLC, | : | CHAPTER 7 |
| DEBTOR | : | |
| _____ | : | |
| | : | |
| RICHARD M. COAN, TRUSTEE | : | |
| | : | |
|     Plaintiff, | : | |
| | : | Adv. Proceeding No. 16-05032 |
| v. | : | |
| | : | |
| THE LAW OFFICE OF | : | July 7, 2016 |
| FREDERICK EISENBUD | : | |
| | : | |
|     Defendant. | : | |

**MOTION FOR AUTHORITY TO COMPROMISE AND SETTLE A CONTROVERSY**

Richard M. Coan, Trustee, by and through his attorneys, Coan, Lewendon, Gulliver &

Miltenberger, LLC, hereby moves for authority to compromise and settle a controversy with the

above-captioned Defendant and states as follows:

1.    The Trustee has asserted a preferential transfer claim against the Defendant

alleging that the Defendant received one or more preferential transfers from the debtor totaling

$10,000.00.

2.    The Defendant has provided information to the Trustee demonstrating that it may

have the following defenses to the Trustee's claims:

    (a)    a new value defense for all but $7,400 of the Trustee's claims; and

    (b)    an ordinary course of business defense.

1

3.      After taking into account the information supplied by the Defendant, the Trustee

has agreed to settle his preference claim against the Defendant for $5,000.00 paid in two

installments within 45 days of the date of the Court's order. The Defendant will waive any and

all claims it has or may have against the bankruptcy estate.

4.      The merits of a proposes compromise should be judged under the criteria set forth

in *Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S.

414 91968). T*MT Trailer* requires that a compromise be "fair and equitable". *TMT Trailer*, 390

U.S. at 424.

5.      In determining whether a proposes compromise is fair and equitable, a Court

should consider the following factors:

> (a) the probabilities of the bankruptcy estate's ultimate success on the merits
>
> should the claim be litigated;
>
> (b) the complexity, expense, and likely duration of litigating the claim;
>
> (c) the difficulties of collecting a judgment rendered in such litigation; and
>
> (d) all other factors relevant to a full and fair assessment of the wisdom of the
>
> compromise.

*TMT Trailer,* 390 U.S. at 424. The Trustee believes that the proposed settlement satisfies the

requirements established by the United States Supreme Court in *TMT Trailer*.

6.      This Court should determine whether the proposed compromise "falls below the

lowest point of reasonableness." *In re W.t. Grant Co.*, 699 F.2d 599 (2d Cir. 1983). "We

conclude by reemphasizing that the task of the bankruptcy judge was not to determine whether

the settlement was the best that could have been obtained, something that he nor we can ever

know, but whether 'it falls below the lowest point in the range of reasonableness.'" *In re W.t.*

*Grant Co.*, 699 F.2d at 613, *quoting Newman v. Stein*, 464 F.2d at 693.

7.     The Trustee believes that the foregoing compromise is in the best interest of the

estate, given the cost and risks of litigation. The Trustee has concluded that the defenses

discussed above are legitimate, good faith defenses that may defeat the Trustee's claims in whole

or in part. As a result, and considering the cost, expense and delay involved in litigation, as well

as the expense and delay in enforcing any judgment obtained, the Trustee has concluded that the

proposed settlement is in the best interest of the bankruptcy estate.

WHEREAS,   Richard M. Coan, Trustee requests authority to settle his preference claims

against the Defendant in accordance with the terms set forth above.

RICHARD M. COAN, TRUSTEE


By _/s/ Timothy D. Miltenberger_____
Timothy D. Miltenberger,(ct08874)
Coan, Lewendon, Gulliver & Miltenberger, LLC
495 Orange St.
New Haven, CT  06511
(203) 624-4756
(203) 865-3673 Facsimile
tmiltenberger@coanlewendon.com